UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL CARON,<br><br>    Plaintiff<br><br>    V.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, and STATE STREET BANK AND TRUST COMPANY GROUP LONG TERM DISABILITY PLAN,<br><br>    Defendants | CIVIL ACTION NO. |

## COMPLAINT

1. Plaintiff, Michael Caron ("Mr. Caron"), brings this action against the Defendants, Prudential Life Insurance Company ("Prudential") and the State Street Bank and Trust Company Group Long Term Disability Plan ("Plan"), (collectively referred to as "Defendants"), for violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et. seq.* ("ERISA"). Mr. Caron is a participant in an ERISA welfare benefit plan insured and administered by Prudential.

2. Mr. Caron is filing this action to: 1) recover long-term disability ("LTD") benefits due to him under his employer's long term disability plan; 2) enforce the present rights existing under the Plan; 3) clarify rights under the terms of the Plan; and 4) recover damages, interest, costs and attorneys' fees.

3. Mr. Caron challenges the Defendants': 1) unreasonable and unlawful denial of Mr. Caron's LTD benefits despite the substantial medical and vocational evidence

demonstrating Mr. Caron's qualifications for said benefits; 2) pattern of rejecting and/or ignoring the substantial evidence supporting Mr. Caron's disability in an effort to limit Defendants' financial exposure for Mr. Caron's claims; 3) failure to provide Mr. Caron with a full and fair review of his claims for LTD benefits; and 4) failure to provide a reasonable claims procedure that would yield a decision on the merits of Mr. Caron's LTD claims.

## PARTIES

4. Mr. Caron is a resident of Walpole, Massachusetts. Mr. Caron is a vested participant in Defendants' employee benefit plan, within the meaning of 29 U.S.C. § 1002(2) (7). Mr. Caron has standing to bring this action under 29 U.S.C. § 1132(a).

5. Defendant Prudential Insurance Company of America ("Prudential") is a for-profit corporation with its principal place of business at 751 Broad Street, Newark, New Jersey, 07102-3777. Prudential transacts business in Massachusetts and insures and underwrites the LTD Plan under which Mr. Caron is suing. Prudential is the party responsible for processing claims made under the STD Plan and LTD Plan and making a determination as to STD Plan and LTD Plan participants' eligibility for benefits.

6. At all times relevant to the claims asserted in this Complaint, Defendant Prudential purported to act as an ERISA claims fiduciary with respect to participants of the plan generally, and specifically with respect to Mr. Caron, within the meaning of ERISA.

7. The LTD plan under which Mr. Caron is suing is an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. §1002(1). The group contract number is GW-23403.

## STATEMENT OF FACTS

**Relevant Policy Terms.**

8. As an employee of State Street, Mr. Caron was eligible for LTD coverage under a contract of insurance with Prudential.

9. The Plan provision defining disability is as follows:

    You are disabled when Prudential determines that:

    - you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and
    - you have a 20% or more loss in your indexed monthly earnings due to that sickness or injury.

    After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.

10. Mr. Caron meets the standard for total disability under the Plan is eligible for LTD benefits under the terms of the Plan.

**Mr. Caron's Claim for LTD Benefits**

11. Mr. Caron's last day of work at State Street was August 13, 2011.

12. Mr. Caron ceased working because his medical condition resulted in symptoms that functionally limited his ability to perform the duties of his occupation or any full- or part-time occupation.

13. On June 12, 2014, Prudential terminated Mr. Caron's claim for LTD benefits on the basis that he was not disabled from performing the duties of his occupation.

14. Prudential's assertion in this regard was incorrect.

15. On December 3, 2014, Mr. Caron appealed Prudential's decision to deny his LTD benefits.

16. Mr. Caron's appeal is pending with Prudential.

**Summary of Defendants' Review of Mr. Caron's Claims**

17. Though Mr. Caron has not yet exhausted his administrative remedies pursuant to 29 C.F.R. 2560.503-1(1), he is filing this present Complaint to meet the contractual limitations period as most conservatively defined under the terms of the Plan.

18. Mr. Caron's disability and eligibility for LTD benefits is based on the substantial evidence in Defendants' possession.

19. The Defendants and their internal reviewers arbitrarily dismissed Mr. Caron's symptoms when they determined that Mr. Caron was not disabled.

20. The Defendants failed to have Mr. Caron's claims assessed by a medical provider with the appropriate credentials to evaluate his eligibility for benefits as required by ERISA's implementing regulations.

21. The Defendants failed to address or analyze the findings of Mr. Caron's treating and evaluating physicians' opinions regarding Mr. Caron's symptoms, restrictions, limitations and disability.

22. The Defendants failed to respond to Mr. Caron's attempts to engage in a meaningful dialogue regarding the evaluation of his claim.

23. Any discretion to which the Defendants may claim they are entitled under the Plan is negated by their failure to provide Mr. Caron with an explanation as to its adverse action as proscribed by ERISA and its implementing regulations.

24. The Defendants failed to meet the minimum requirements for the denial of Mr. Caron's LTD benefits, in violation of ERISA, 29 U.S.C. 1133, which requires that upon a denial of benefits, the administrative review procedure must include adequate notice in writing

setting forth the specific reasons for the denial of benefits and a reasonable opportunity for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

25. The Defendants have also failed to meet the Plan requirements for review of claims that have been denied.

26. The Defendants failed to provide Mr. Caron with a full and fair review of his claim for LTD benefits.

27. The decision to terminate Mr. Caron's LTD benefits was self-serving, wrongful, unreasonable, irrational, solely contrary to the evidence, contrary to the terms of the Plan, and contrary to law.

28. Prudential was influenced by its financial conflict of interest when it denied Mr. Caron's claim for LTD benefits.

29. Prudential was influenced by its financial conflict of interest, as both the administrator of the Plan, and the payer of benefits thereunder, when it refused to consider Mr. Caron's benefits.

30. Due to the unlawful denial of benefits under ERISA, Mr. Caron has lost his rightful LTD benefits.  He has also suffered emotional distress as a result of the Defendants' actions.

31. Due to the unlawful denial of benefits under ERISA, Mr. Caron has also lost the use of his LTD benefits.

32. Mr. Caron now brings this action to meet the contractual limitations period as delineated under the terms of the Plan and to enforce his rights under ERISA.

**FIRST CAUSE OF ACTION**
**(Enforcement of Terms of Plan**
**Action for Unpaid Benefits)**
**(ALL DEFENDANTS)**

33. Mr. Caron realleges each of the paragraphs above as if fully set forth herein.

34. The Plan is a contract.

35. Mr. Caron has performed all of his obligations under the contract.

36. 29 U.S.C. § 1132(a)(1)(B) states that:

    A civil action may be brought ---

    1. by a participant or beneficiary –

        1. for the relief provided for in subsection (c) of this section, or

        2. to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

37. The Defendants' actions constitute an unlawful denial of disability benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

38. The Defendants unlawfully denied Mr. Caron's benefits in part by: (1) dismissing without explanation, the substantial evidence supporting Mr. Caron's claim for LTD benefits; and (2) denying Mr. Caron a full and fair review of their decision to deny his benefits.

39. In accordance with 29 U.S.C. §1132, Mr. Caron is entitled to LTD benefits under the Plan based upon his disabled status from June 12, 2014, to the present, and continuing until he is no longer disabled.

40. The Defendants have refused to provide Mr. Caron with his disability benefits and are, therefore, in breach of the terms of the Plan and ERISA, which requires that the

Defendants engage in a full and fair review of all claims and the administration of the Plan in the best interests of the participants of the Plan.

41. As a direct and proximate result of this breach, Mr. Caron has lost the principal and the use of his rightful disability benefits.

### SECOND CAUSE OF ACTION
### (Attorneys' Fees and Costs)
### (ALL DEFENDANTS)

42. Mr. Caron realleges each of the paragraphs above as if fully set forth herein.

43. Under the standards applicable to ERISA, Mr. Caron deserves to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

44. Defendants have the ability to satisfy the award.

45. Mr. Caron's conduct of this action is in the interests of all participants suffering from physical conditions who subscribe to the Plan, and the relief granted hereunder will benefit all such participants.

46. The Defendants have acted in bad faith in denying Mr. Caron's disability benefits under the Plan.

47. The award of attorneys' fees against the Defendants will deter others acting under similar circumstances.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that the Court:

(1) Declare, adjudge and decree that Mr. Caron is entitled to disability benefits as calculated under the terms of the Plan;

(2) Award Mr. Caron disability benefits and interest from the dates of the Defendants' breaches of contract;

(3) Order that the Defendants make restitution to Mr. Caron in the amount of all losses sustained by Mr. Caron as a result of the wrongful conduct alleged herein, together with prejudgment interest;

(4) Award Mr. Caron the costs of this action and reasonable attorneys' fees; and

(5) Award such other relief as the court deems just and reasonable.

Date: May 11, 2015                                 Respectfully submitted for the Plaintiff,

By:   /s/ Mala M. Rafik
      Mala M. Rafik
      BBO No. 638075
      ROSENFELD RAFIK & SULLIVAN, P.C.
      184 High Street, Suite 503
      Boston, MA 02110
      T: 617-723-7470, ext. 205
      F: 617-227-2843
      E: mmr@rosenfeld.com